ALFONSO CAMBIO, *v.* RAFFAELE IBELLO.

MAY 15, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Pleading. Substituting Declaration.*

In an action of debt on judgment containing a single count after defendant's special plea had been stricken from the record, plaintiff was permitted to substitute another single count:—

*Held,* that the action of plaintiff in withdrawing his original declaration released defendant from pleading thereto and hence it was immaterial to defendant whether the action of the court was correct or not.

(2) *Directing Verdict. Pleading.*

The court could not properly direct a verdict for plaintiff where there was no plea filed, as there was no issue for the jury to determine.

(3) *Pleading. Nul tiel record.*

A plea of *nul tiel record* is to be heard by the court.

*Quære;* if the Superior Court has jurisdiction to permit a plaintiff to substitute an action on a different judgment amounting to less than $500 in place of the original action brought to that court by claim of jury trial.

DEBT ON JUDGMENT. Heard on exceptions of defendant, and sustained.

BLODGETT, J. On November 30, 1909, the plaintiff brought this action of debt in the District Court of the Sixth Judicial District upon a judgment of said court in favor of the plaintiff against said defendant which was set forth in the single count in the declaration as having been rendered on July 31, 1908, and on which it was averred that there was an unsatisfied

balance remaining due of $169.46 and interest.  After decision for the plaintiff in said court the defendant seasonably claimed a jury trial in the Superior Court, and on June 11, 1910, by permission of said court was allowed to file a special plea which said plea was subsequently on June 25, 1910, stricken from the record on motion of the plaintiff.  To such striking out of said plea the defendant seasonably excepted.  Later, on November 12, 1910, the plaintiff, by leave of said court, substituted for the single count of his original declaration a single count declaring on a judgment of said District Court in favor of the plaintiff as against the defendant alleged to have been rendered on November 7, 1907, on which it was averred that there was still remaining unsatisfied a balance of $109.29 and interest. On November 26, 1910, the defendant moved for leave to file a special plea to such substituted count, and the Superior Court denied the motion, to which denial the defendant seasonably excepted.  On January 13, 1911, and with no plea filed, the case was called for trial on said substituted count, before a jury who returned a verdict for the plaintiff for $130.06 by

(1) direction of the court.  The case is here upon defendant's exceptions, first, to the action of the Superior Court on June 25, 1910, in striking out his special plea to the action as originally brought and also upon his exception to the action of the trial justice in directing a verdict on January 13, 1911.  While an exception to the action of the Superior Court in refusing his motion for leave to file a special plea to the substituted count on November 26, 1910, was taken, it was not incorporated in the bill of exceptions and consequently is not before us for consideration.

We are of the opinion that the action of the plaintiff in withdrawing his original declaration released the defendant from all liability to plead thereto or to contest the allegations therein set forth and hence that it is immaterial to the defendant whether the action of the court in striking his plea from the record was correct or was incorrect, and the defendant accordingly takes nothing by this exception.

(2)     The defendant has also excepted to the action of the court

in directing a verdict for the plaintiff, as contrary to the law, and this exception must be sustained. In the first place there was no plea of any kind to the substituted declaration on file when the action was tried, and consequently no issue for the jury to determine. It seems to have been considered, however, that the case was to be tried on the plea of *nul tiel record*. But such a plea is to be heard by the court and not by the jury. In *State* v. *Sutcliffe*, 16 R. I. 410, the court said: "The defendant pleaded *nul tiel record* and asked for a jury trial, which was refused. The refusal was right. The issue raised by such a plea in a case like this can only be tried by an inspection of the record. The parties cannot put themselves on the country. Stephen on Pleading, *101."

Inasmuch as the case must be remitted to the Superior Court it is proper to state that the question whether the Superior Court has jurisdiction to permit a plaintiff to substitute an action on a different judgment and amounting to less than $500 in place of the original action brought to that court by claim of jury trial from the District Court is a question which has not been argued by counsel, and upon which we at present express no opinion.

The defendant's exception to the direction of a verdict is sustained, and the case is remitted to the Superior Court for further proceedings.

*William M. P. Bowen*, for plaintiff.
*James A. Williams*, for defendant.